*1588 The opinion of the court was delivered by
Miller, J.
This appeal is by the plaintiff from the judgment perpetuating the injunction obtained by one of the defendants, Mary E. Connolly, to prevent the sale of her property under plaintiff’s judgment and execution against Robert J. Connolly, individually, and as executor of his deceased wife, Catherine Connolly.
Catherine Connolly, by will, as well as we can understand the record, left her property to her husband, Robert J. Connolly, and two children of the marriage, Mary B., the defendant, and a sister. Robert J., the father, acquired the sister’s interese, and, with Mary E., were recognized as entitled to the succession property and put in possession. Thereafter, MaryE. acquired the interest of her father, thus becoming owner of the property embracing that involved in this suit. At the time tbe father and his daughter were recognized as entitled to the property and put in possession there was pending the plaintiff’s suit against R. J. Connolly, individually and as executor of his deceased wife, for a debt due by her, and about a year after the order putting Mary E. and her father in possession, the plaintiff obtained judgment and caused to be seizbd the property acquired by Mary E, Connolly as the heir of her mother and under the purchase from R. J. Connolly. The execution was enjoined by Mary E. and her husband, alleging ownership. The injunction was met by a rule to dissolve, urging a number of grounds, and then an exception of no cause of action, which was overruled; then the plaintiff in injunction, Mary E. Connolly, filed a supplemental petition more particularly setting forth her title; to this supplemental petition the exceptions were renewed and also overruled. The'defence to the injunction suit on the merits is substantially that the plaintiff, Hart, is the judgment creditor of the succession of Catherine Connolly; that Mary E., as her heir, is bound for the succession debts; that the order putting her father, Robert J., and herself in possession of the succession property was ex parte and void, and that plaintiff, Hart, is entitled to seize it under his execution against the executor of Catherine Connolly. The judgment maintained the injunction, and this appeal by Hart, the original plaintiff, followed.
The injunction suit was by Mary E. Connolly and her husband, J. J. LawsoD, and the petition averred ownership of Mary E. by inheritance from her mother and purchase from her father. The affidavit *1589 was made by the attorney averring the absence of bis client,-.Mary E., the bond was signed by him for her and the required security given. It is clear that the authorization for the wife to furnish the is implied by his joining her in the suit for the injunction, and the bond injunction bond did not require her signature. Dunn vs. Woodward, 11 An. 265. The law authorizes the attorney to make the affidavit in the absence of his client, and it was unnecessary for the affidavit to state the absence of husband and wife. C. P., Art. 210. In our opinion, the rule to dissolve on the grounds urged here, that the husband did not authorize his wife to sign the bond; that it is not signed by her, and is defective because the absence of the husband is not stated, was properly denied. The original petition substantially averred ownership by the plaintiff in injunction. It was not met by any exception calling for greater particularity of statement. The plaintiff, in our opinion, might have stood upon it. The supplemental petition made no material addition to the original petition. The supplemental petition merely stated the propositions of ownership inherited by the father and Mary E.; the interest he acquired by his purchase; and averred that after the acquisition by Mary E. she had conveyed to a building association, which had reconveyéd to her. If the original petition was sufficient, as we think it was, there is no-force in the objection the supplemental petition was not accompanied by another affidavit and bond. In the plaintiff’s brief it is conceded the transfer to the building association, and its -retransfer to the plaintiff in injunction, left ownership in Mary E., and hence there was no substantial change of the issue of ownership tendered by the original petition. We think the exceptions to the supplemental petition were properly overruled, and the fact it was not accompanied by an affidavit and bond was no ground to set-aside the injunction.
The defence on the merits that the order putting the heirs in possession was not binding on creditors can not be sustained. The heir can at any time take the seizin from the executors and go into possession by tendering the amount of the movable legacies. C. C., Art. 1671. No notice is required to creditors, but they may, if they choose, exact security. R. S. 3678. The plaintiff stood by, made no application for security, and more than a year after attempted to seize under the judgment and execution against the executor functus -, officio and a closed succession. Executions to compel payment of sue *1590 cession debts are not permitted. C. P., Arts. 983, 987, et seq. Still less on such executions can the property be seized in the hands of the heir. Unless the creditor has an executory title the law remits the creditor to suit, judgment and execution against the heir. C. P., Art. 64, et seq.; Boguille vs. Faille, 1 An. 204. The judgment of the lower court properly maintained the injunction, leaving the plaintiff to his appropriate remedies to enforce the liability of the heir, bond after going into possession as before, for the debts of her deceased mother.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.