89 So.2d 876

Francis GHERINI

v.

Alfred E. DENBY.

No. 42632.

June 29, 1956.

Rehearing Denied Sept. 28, 1956.

Monroe & Lemann and Walter J. Suthon, III, New Orleans, for appellant.

Solomon S. Goldman, G. Frank Purvis, Jr., Gordon B. Hyde, New Orleans, for appellee.

PONDER, Justice.

The plaintiff brought suit alleging that he was a judgment creditor of Alfred E. Denby, deceased, and sought to seize by a writ of fieri facias certain proceeds belonging to the decedent in the hands of the Pan American Life Insurance Company. He alleged that the Life Insurance Company is indebted to the decedent or his succession or has property or effects belonging to the decedent. He further alleged that the heirs are absent from the state and prayed for a curator to be appointed to represent them. Plaintiff also prayed that the garnishee Insurance Company be cited to appear and answer interrogatories and that after due proceedings that the garnishee be condemned to pay the amount stated in the writ of fieri facias. The lower court

granted an order making the Life Insurance Company garnishee and ordering it to answer the interrogatories annexed to plaintiff's petition.

The garnishee answered the petition averring that the writ of fieri facias was null and void and refused to deliver the property to the plaintiff. The garnishee also refused to answer the interrogatories and asked for the issuance of a rule directed to the plaintiff commanding him to show cause why the order should not be set aside.

On submission of the rule, the lower court rescinded the order issued against the garnishee setting forth as its reason that the writ of fieri facias was issued subsequent to the death of the judgment debtor. The plaintiff has appealed.

The appellant contends that a judgment creditor is not required to provoke an administration of the judgment debtor's succession. He takes the position that he may enforce the judgment against the decedent's property by seizure thereof and that notification to the heirs may be constructive if they are absent from the state. He is relying on Articles 1417 and 1418 of the LSA–Civil Code and the holding in the case of Willis v. Ruddock Cypress Co., 108 La. 255, 32 So. 386. The garnishee contends that since the judgment was not made executory against the heirs that it is not a valid writ and cannot be enforced.

This is rather an unusual procedure and unless it is authorized by law the creditor must necessarily follow the usual procedure by provoking an administration of the succession wherein all claims against the succession would be listed and paid according to their preference taking into consideration the federal and state taxes.

The plaintiff herein is an ordinary judgment creditor for services rendered. He takes the position that he has the right to proceed in this manner to enforce his judgment under the provisions of Articles 1417, 1418 and Willis v. Ruddock Cypress Co., supra.

Article 1417 provides: "Titles which carry execution against the deceased are also executory against the heir personally; nevertheless the creditors can not obtain execution on them, until ten days after the notification of them be made to the person, or left at the domicile of the heir."

Article 1418 provides: "The heir, on being notified thereof, may oppose the execution, before the tribunal having cognizance of the matter, on his simple motion; and if he proves that he has claimed the delays for deliberating, the execution shall be suspended until the delays have expired."

A reading of these two articles of the Civil Code demonstrates that they have no application to ordinary judgments and relate only to executory titles. It would appear that titles which carry execution are such that would enable executory process.

"Executions to compel payment of succession debts are not permitted

\* \* \* Still less, on such executions, can the property be seized in the hands of the heir. Unless the creditor has an executory title, the law remits the creditor to suit judgment and execution against the heir." Hart v. Connolly, 49 La.Ann. 1587, 1589, 22 So. 809, 811.

The case of Willis v. Ruddock Cypress Co., supra, is not applicable because the fieri facias issued in that case was to enforce the payment of taxes due on vacant lands and was governed by special statute dealing with the enforcement of payment of taxes. There was no ordinary judgment creditor in that case as presented herein.

For the reasons assigned, the judgment of the lower court is affirmed at appellant's cost.