Garretson *v.* His Creditors.

HARMONIUS GARRETSON *v.* HIS CREDITORS.

The right of the lessor over the products of the estate or the movables on the place leased, is of a higher nature than mere privilege. The latter is enforced only on the price of the movables to which it applies; it does not enable the creditor to take, or to keep the effects themselves. The lessor, on the contrary, has a right of pledge on them; and may seize and retain them, until he is paid.

The privilege of the lessor on the products of the estate or on the movables on the place leased, has a preference over all other privileged debts, such as expenses of the last illness, law charges, and others having a general privilege on the movables. The charges for selling the movables subject to the lessor's privilege, must be paid before the rent, as they are necessary to procure the means of paying it; and so of the funeral expenses of the debtor and his family, where there is no other source from which they can be paid.

Where the amount applicable to the payment of the law charges privileged against the estate of an insolvent, is insufficient to pay the whole, they must be paid *pro rata.*

APPEAL from the Commercial Court of New Orleans, *Watts,* J. *Roselius,* for Hoey, the appellee, argued the case, *ex parte.*

MORPHY, J. The syndic in this case, filed a tableau of distribution, showing the privileged claims and charges against the estate, and prayed to be authorized to pay the same in accordance therewith. The money to be distributed amounts to $2,164 04, and is the proceeds of the sale of a stock of house-hold furniture which the insolvent had in a house belonging to Nicholas Hoey, whose claim for rent is admitted to be fifteen hundred dollars. The law charges, including $100 for wages due to a laborer, amount to no less than $1050 75, which sum is deducted on the tableau from the proceeds of the furniture, leaving, after reserving a sum of $100 in the hands of the syndic, only $1013 29, to be applied to the payment of the house rent. A memorandum at the foot of the tableau,

shows that the notes and accounts of the estate, were yet on hand to be collected. To this tableau, Hoey made opposition, claiming to be paid out of these proceeds, in preference to all the creditors therein set down. The judge below sustained his opposition, and ordered his claim to be paid in preference to all the creditors on the tableau, except the auctioneer for his commission and the incidental expenses of the sale of the movables, amounting to $115 10. The balance in the hands of the syndic, he ordered to be distributed *pro rata,* among all the creditors for law charges. The syndic appealed.

The judge, in our opinion, decided correctly. The lessor is treated with peculiar favor by the Civil Code. In the language of article 3185, his right is of a higher nature than a mere privilege, the latter is enforced only on the price of the movables to which it applies; it does not enable the creditor to take or keep the effects themselves in kind; the lessor, on the contrary, may take the effects themselves, and retain them until he is paid; he has on them a right of pledge. Article 3223 provides, that the charges for selling the movables, subject to the lessor's privilege, are to be paid before the rent, because these charges procure the payment of the rent. The following article says, that when there is no other source, from which the funeral expenses of the debtor and his family can be paid, they have a preference over the debt for rent or hire, on the price of the movables contained in the house or on the farm; and article 3225 enacts, that the lessor has a preference on the price of these movables over all the other privileged debts of the deceased, such as expenses of the last illness, and *others which have a general privilege on the movables.* The debts having this general privilege on the movables, are enumerated in article 3158, and among them are the law charges. But if any doubt could remain after the perusal of the above provisions of law, they must, we think, be removed by article 3237, which provides, that when the privileged debts on the movables and immovables cannot be paid entirely, either because the movable effects are of small value, or *subject to special privileges which claim a preference,* or because the movables and immovables together do not suffice, the deficiency must be borne proportionably among the creditors, but the debts must be

paid according to the order above established, and the loss must fall on those which are of an inferior dignity.

By presenting his tableau before the collection of the notes and accounts due to the estate, the syndic has given rise to a conflict which perhaps should not exist, for *non constat* but that a sufficient sum may be collected to pay off the law charges, independent of the proceeds of the movables, subject to the appellee's privilege. Be this as it may, the judge has, in our opinion, taken a correct view of the lessor's right on the particular fund to be distributed by the tableau, as presented.

*Judgment affirmed.*