CHARLES MONROSE v. HIS CREDITORS.

Under the Code of 1808, book 3, title 19, article 77, the vendor's privilege was post-
poned to the law charges in general.   By the new Code, the vendor is paid out of
the proceeds of the thing sold, before other privileged claims, except the charges for
affixing seals, for making inventories, and others necessary to procure the sale of the
thing.   C. C. 3234.

APPEAL from the Parish Court of New Orleans, Maurian, J.
BULLARD, J.   The syndic having filed his tableau of distribu-

tion, oppositions were made to it by several creditors ; and the present appeal is prosecuted by the syndic, and Janin, one of the creditors, having a vendor's privilege on an immoveable.

I. Janin, the vendor, was put down on the tableau as entitled to the proceeds of the sale of the property upon which he had a privilege, after deducting the expense of side walks and pavement, his proportion of the expense of public notices, the auctioneer's and syndic's commissions, charges for the auctioneer's stall (*droits de Bourse,*) and for a plat by Trastour. This was opposed by several creditors, on the ground that the vendor's privilege must yield to that for law charges in general.

We are of opinion that the court erred in sustaining this opposition. It is true that, under the provisions of the old Code, this court held that the vendor's privilege should be postponed to the law charges in general. See 5 Mart. 478. But the Code appears to have been amended in this particular. The new Code provides that the vendor, undertaker, or workmen and material men, shall be paid from the price of the object affected in their favor, in preference to other privileged debts of the debtor, even funeral charges, except the charges for affixing seals, making inventories, and *others which may have been necessary to procure the sale of the thing.* Article 3234. The construction given by the Parish Court to this article, would render the last clause without any effect, and give to all the charges of administration by the syndic, even those not necessary for the sale of the thing, a preference over the vendor. We are bound, if possible, to give effect to every clause of a statute. The vendor had a right to rescind the sale if the price was not paid, but having preferred to permit the property to be sold by the syndic, he became bound to pay the commissions of the syndic, who administered partly for his benefit, and only such other charges as were necessary to effect a sale of the thing.

II. The tableau allowed the wife of the insolvent the proceeds of a lot and a slave, after deducting her proportion of the charges. The wife has not appealed from the judgment reforming the tableau as to her claim.

III. None of the parties before the court have any interest in contesting the Notary's fees due in relation to the respite.

It is therefore ordered and decreed, that the judgment of the Parish Court sustaining the opposition to the tableau, so far as it relates to the vendor's privilege claimed by Louis Janin, be reversed, and that the opposition be dismissed, and the claim reinstated as it originally stood ; and that in other respects the judgment be affirmed, and the tableau homologated. The costs of the appeal to be borne by the appellees.

*Dufour*, for the appellants.

*C. Janin*, contra.