No. 13,600.

MR. & MRS. W. G. SALAUN VS. THEIR CREDITORS.

SYLLABUS.

The court reviewed the different grounds raised in opposition to the account filed of the insolvent's estate and found no ground upon which to set aside the judgment brought up for review under its supervisory jurisdiction, except in one particular.

The fee of attorney is allowed, to the extent, strictly, that the services of the attorney were rendered in having the property sold. The amount allowed does not cover all the services rendered in the insolvency proceedings (not immediately connected with the sale of the property).

IN RE Mrs. Caroline Cotonio *et als.*, applying for *certiorari*, or writ of review, to the Court of Appeal, Parish of Orleans, State of Louisiana.

---

*Theodore Cotonio,* for Applicant.

---

*Dinkelspiel & Hart,* for George Esscouse, Respondent.

---

The opinion of the court was delivered by

BREAUX, J. The purpose of the relator, as expressed in the petition, is to have a judgment of the Court of Appeal annulled, on the ground that the costs and charges allowed for settling the insolvent estates of Salauns, husband and wife, were excessive, and not entitled to preference over her claim as lessor.

Relator seeks to have this judgment annulled on the further ground that she was not allowed the whole amount due her as lessor.

In the District Court, Mrs. Cotonio (the relator) opposed the syndic's account and some of the items of the account were reduced. The opponent (relator here) appealed to the Court of Appeal, and other amendments were there made.

The first item objected to in the District Court originally amounted to fifty-one dollars and thirty cents. The following is an excerpt regarding that item from the carefully prepared and elaborate opinion of our learned brothers of the Court of Appeal: *"Item 2.—It is not disputed that this item must be reduced from fifty-one 30-100 dollars to sixteen 50-100 dollars, and it was so decreed by the lower court, and it is a proper reduction."* Our study of the case has led us to the same conclusion. No brief has been filed by the relator. If there was error in this, as averred in her petition, she has failed to point it out.

Relator further urges that the syndic in his account charged twenty-four 30-100 dollars fees of sheriff, an item which she contends should not have been charged to her prejudice as a lessor. Relator avers that "the court has also allowed an item of sheriff's fees which was not necessary to the sale of the property."

There was no objection made to the sale of the insolvents' property. It became necessary to sell. In consequence, the fee of the sheriff was due by the syndic. It is part of the costs and law charges necessary in the administration of the insolvents' estate. It was to the interest of all concerned, including the lessor, who, we judge, was quite willing that the property be sold in order to recover her rental.

Relator also wishes to have stricken out of the accounts the items for advertising the property for sale. This objection has less merit than the one upon which we have just passed. In complying with the law's requirements regarding the disposition of the property, an advertisement was essential. It could not be disposed of without advertisement, and costs unavoidably follow an advertisement.

There is an item on the account of five dollars for printing a brief and another for forty-eight 20-100 dollars, to which no objection is urged. We are informed by the opinion of the Court of Appeal regarding the facts that they were "expenses incurred in the matter of the proceedings inaugurated at the instance of the opponent and for his benefit and advantage, looking to the ejectment of the Salauns from the

occupancy of the upper floors of the leased premises, and consequently to be borne by the opponent." Taking this statement as correct (we have no reason to conclude that it is not, there being no evidence to the contrary), these charges are correct.

The item for insurance, to which relator also objects, amounts to six and 35-100 dollars. The objection is that it is excessive, as it covers insurance for a longer term than should have been allowed. There is not the least evidence before us on the subject. We will not, on the mere allegation of the relator, assume that it is excessive.

The next complaint, in the order in which the complaints are urged, is that the court allowed the fee of attorney for the provisional cyndic in the sum of fifty dollars over lessor's privilege. This item was rejected by the Court of Appeal, but on rehearing the court reconsidered that part of its decree and held that "since the Supreme Court has had occasion to pass upon the question as to whether attorney's fees prime the vendor's privilege as a necessary part of the expenses incurred in selling the property, and that that court has resolved the question in the affirmative, that hence there is error in our former opinion and decree subordinating item 13 on the syndic's account, being item for attorney's fees, fifty dollars, to the vendor." This contention is well founded. In Succession of Aristide Negueloua, 52 Ann. 1495, held to the effect stated." The court reinstated this item to its original rank on the syndic's account. The rule should be the same whether a vendor or a lessor be concerned.

Under the Code of 1808, the vendor's privilege was postponed to the law charges (5 M. 478). Under the new Code, the vendor is entitled to be paid from the proceeds of the property upon which he has the privilege in preference to the privileged claims, except those for affixing seals, making inventory, and others, which may have been necessary to procure the sale of the thing on which the privilege rests. 3256, 3257 C. C. The vendor having permitted the property to be sold by the syndic, was held liable for the syndic's commission, and only such of those charges as were necessary to effect the sale. Monrose vs. His Creditors, 2 Rob. 280. Further, the question is whether the immovable subject to the vendor's privilege must contribute, under Art. 3267 C. C. where the remaining assets are sufficient to pay costs. Charges necessary to procure the sale of the thing, held to include syndic's commission, sheriff's, clerk's, and attorney's fee. Marsh vs. His Creditors, 11 Ann. 469.

Taking up the case of Succession of Negueloua, 52 Ann. 1495. The court in that case expressed no difference, as relates to the application of the rule, between the vendor's and the lessor's lien. It arrived at the conclusion that if the sheriff's, clerk's, appraiser's, and notary's fees, and the commission of the syndic, are to have preference to the extent only that their services were required in matter of selling the property, it followed that the attorney at law whose services were necesary in order to put the court's action into motion should also be recognized as priming the lessor and vendor only to the extent that the services were necessary in matter of the sale of the property.

While there is not the least disposition to reduce the fee of the attorney, which was reasonable, when taken in connection with the settlement of the entire insolvent proceedings, the court concluded, in order more particularly to accentuate its views, to reduce the fee to an amount adequate strictly for obtaining the order of sale. The papers showing the extent of the services were before the court, and therefore, the amount of the fee is fixed without remanding the case.

We do not differ with our learned brothers of the Court of Appeals regarding the principal involved. We only reduce the amount to a sum corresponding with our views. Upon leaving the subject, we again state that the fee of the attorney for services rendered to obtain the sale of the property subject to the vendor's or lessor's privilege primes the privilege of the vendor or lessor.

Relator avers that the costs and charges should not have amounted to more than forty-five dollars. We have not been favored with an argument on the subject or the least statement, save the general averment in the petition, going to show how it could have been possible to limit the whole expense to that amount.

The lessor, relator here, claims an amount for four months' rent. It was reduced to two months preceding the sale at which the opponent bought the property. Before this foreclosure at the instance of the opponent, the property was sold. The contents of the store of the insolvent were bought by the opponent, relator here, and the occupancy, by a relative of the opponent and relator, with her consent. After the sale of the contents of the store and the right of occupancy thereof, and after relator had taken possession, or at any rate, consented to her relative taking possession, there remained no more right in the opponent or relator to claim rental from the estate of the ex-lessee who had surrendered his property.

It is, therefore, ordered, adjudged, and decreed that the fee of attorney be fixed at twenty-five dollars for services of attorney strictly necessary to obtain order to sell the property, and that this amount be secured by priming the lessor's privilege.

It is further ordered, adjudged, and decreed that the judgment of homologation of the account of the insolvency of Salaun and wife remain unchanged, except as reduced above from fifty dollars to twenty-five dollars. Costs before this court are to be paid by the insolvent estate.

BLANCHARD, J. dissents on the authority of 11 Ann. 469; 3 Ann. 704; 4 R. 366; 1 R. 445, holding that the lessor's privilege and right of pledge on the proceeds of the movables subject to his claim yields only to funeral charges and the actual expenses of effecting the sale, such as costs of advertisement, sheriff's fees, etc.