May 4, 1908.

————o————

No. 4425.

(Court of Appeal, Parish of Orleans.)

## SECURITY BUILDING & LOAN ASSN. VS. ULYSSES P. PEROTO, ET ALS.

1. The furnisher of materials who asserts a claim in a concursus proceeding, must show with clearness and certainty that the materials which he has furnished has been actually used in the construction of the building.  Evidence of a general character showing deliveries for account of the contractor who has several building contracts under way at the same time is not satisfactory.  The particular material must be identified with the particular building.

2. Since, under his contract, the defaulting contractor could claim only the balance ascertained after deducting "all costs, charges or attorney's fees," it follows that the creditors of the contractor who claim through him and under his contract, can claim no greater amount than he could. Attorney's fees should be deducted from the amount deposited by plaintiff.

Appeal from Civil District Court, Division "D."

Buck, Walshe & Buck, Plaintiff and Appellee.

W. S. Benedict for W. W. Carre & Co., Appellant.

Zengel Thomas and Suthon, C. A. Butler, H. M. & E. C. Ansley, A. J. Rossi, Attorneys.

ESTOPINAL, J.   This is a concursus proceeding by the owner against a defaulting building contractor, the surety on his bond, and six furnishers of material to the contractor for use in its building who have served accounts upon it and have recorded the same in the Mortgage Office of this Parish, some having entered suit, and others threatening to do so.

Plaintiff represents the contract to be for the construction of a two-story frame dwelling for the price of three thousand five hundred and seventy-five dollars ($3,575.00) ; that the contractor furnished two bonds with Patrick Ronan as surety upon each, to secure the completion of the work under the contract, and the payment by the contractor of all amounts expended in connection with the contract, one of the bonds being in favor of the plaintiff, and the other in favor of workmen and furnishers of material.   That when the first and second payments were due under the terms of the contract, plaintiff paid to the defendant the said first two payments, each of seven hundred and fifteen dollars ($715.00), the second payment being made on June 29, 1906; that the contractor, after said date, ceased work and refused further to proceed with the same; that the contractor and the surety on his bond were then formally put in default, and upon their still refusing and neglecting to carry out their contract, the plaintiff avers that it advertised and received bids and entered into a contract with William Gazin, the lowest bidder, for one thousand six hundred and twenty-nine dollars ($1,629.00), for the completion of the work contracted for by the defendant under his contract with plaintiff and according to

the original plans and specifications; that the said Gazin having completed the work satisfactorily, plaintiff paid him the entire amount of his contract price, which, added to the fourteen hundred and thirty dollars ($1,430.00), previously paid to the defendant, made a total of three thousand fifty-nine dollars ($3,059.00), which, deducted from the original contract price with the defendant, leaves a balance of five hundred and sixteen dollars ($516.00), which plaintiff deposits for account of those in whose favor the Court may decree.

The Court below decreed the distribution of the fund among four of the six material men made parties to this proceeding, and rejected, as far as a participation in this fund is concerned, two of said material men, reserving to them, however, all their rights against the defendant building contractor and the surety on his bond.

The W. W. Carre Company, Limited, one of the two, whose participation in the distribution of the funds was denied by the lower Court, has taken this appeal which appeal has been answered by plaintiff asking that the judgment appealed from be affirmed except insofar as the item for attorney's fees is concerned, claiming that the same should be made payable out of the fund deposited for distribution, just as are all other expenses incurred by plaintiff in connection with the concursus.

All persons holding claims for material supplied on the building contract were, of course, required to show clearly that such material was actually employed and used in the construction of the building.

A close and careful consideration of the evidence adduced in this case convinces us that the finding of our esteemed brother of the District Court is eminently correct.

The examination of the witnesses on the trial below shows great industry on the part of counsel engaged, and all the facts going to establish the status of each claimant have been closely inquired into.

Appellant herein, W. W. Carre · Company, Ltd., have not shown by certain and positive evidence that the lumber or material claimed and amounting to ten hundred and ninety-five dollars and eighty-two cents ($1,095.82), was used in the construction of plaintiff's building.—Certain conditions and circumstances rather indicate the contrary, i. e., that all the material for which claim is made was not used on plaintiff's building.

The defendant had several building contracts under way at the tune he was engaged in carrying out his contract with plaintiff, and considering the fact that he had been paid over one thousand four hundred dollars ($1,400.00), before he defaulted, which added to the one thousand six hundred and twenty-nine dollars ($1,629.00) required ot complete the contract, totals over three thousand dollars ($3,000.00), and that the bills presented in this concursus amount in the neighborhood of two thousand dollars ($2,000.00), would bring the cost of the building up to five thousand dollars ($5,000.00) or one thousand five hundred dollars ($1,500.00), in excess of the contract price indicate that part of the lumber had gone elsewhere.

All other claims but one are accounted for, and all of the work was shown to have been done under the specifications originally agreed upon between plaintiff and defendant.

We do not, for an instant, take issue with counsel insofar as her discussion in brief of the law in the case is concerned, but the law applies only when a certain state of facts is clearly and affirmatively proven. These are wanting in this case, and the appellant cannot be permitted to participate in a fund with other claimants whose claims have been absolutely established when his has not.

Of course, W. W. Carre Company, Ltd., are shown to have been in good faith throughout, and are simply the victims of misplaced confidence, for which, however, they can expect no relief in the present proceeding.

Taking up the question of attorney's fees presented to us in the answer to the appeal, we find that the building contract recites that: "If the contractor default, the owner may complete the work, and that the cost to complete, together with all costs, charges, or *attorney's fees,* incident to the completion or enforcement of this contract, shall be a charge and lien against the party of the second part (the builder), and his surety, *and may be deducted from the amount due or to become due him."*

It may not be doubted that the defaulting contractor could, under his contract, claim only the balance ascertained after deducting "all costs, charges or attorney's fees," therefore, it follows irresistably and legally that the creditors of the contractor who claim through him and under his contract, can claim no greater amount than he could.

Besides, this proceeding by the owner became necessary in order to put the Court's action in motion, and the charge for attorney's fees should be governed by the principle laid down in Salaun vs. Creditors, 106 La. 217. Printing Company vs. Furniture Concern, 108 La. 265. Succession of Negueloua 52 A. 1495.

We are of opinion that attorney's fees in these proceedings should be deducted from the amount deposited by plaintiff, and the judgment appealed from will be amended to that extent.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be, and it is hereby affirmed in every particular save and except the judgment on the subject of attorney's fees, which is hereby reversed and set aside, and it is now ordered and decreed that there by judgment in favor of plaintiff for seventy-five dollars ($75.00), attorney's fees to be first deducted from the amount deposited by plaintiff for distribution, and as amended the judgment appeal from is affirmed.

May 19, 1908.

Moore, J., dissents.

Rehearing refused June 22, 1908.