————o————

5213.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF GEORGE W. RYAN.

That portion only of the costs, fees and expenses of a succession incurred in preserving and selling its movable property primes the privilege of the lessor thereon.

Appeal from the Civil District Court, Division "A."

P. L. Fourchy, for appellant.

Hall and Monroe, E. M. Cahn, E. M. Robbert, for appellee.

GODCHAUX, J.—The administratrix, widow of decedent, appeals from a judgment amending her final account distributing the succession assets which consist solely of the proceeds of sale of certain movables found in the premises occupied by decedent as tenant in the conduct of a barroom—all of these movables being subject to the landlord's privilege for unpaid rent. The assets are wholly absorbed by privileged debts and consequently the ordinary claims require no consideration.

The account presented by the administratrix exhibited the assets and the proposed order of distribution thereof as follows:

Assets—proceeds of sale of movables............$443.30

| | | |
|---|---|---|
| 1. | Auctioneer's charges for sale of movables.. | 37.47 |
| 2. | Court costs expended ..................... | 37.47 |
| 3. | Funeral charges, Betz & Johnson........... | 119.00 |
| 4. | Notary for inventory...................... | 15.00 |
| 5. | Attorney for succession .................. | 100.00 |
| 6. | Reserved for administratrix' future costs.. | 30.00 |
| 7. | Fee of appraisers ....................... | 16.00 |
| 8. | Cost of advertising letters of Adminis..... | 3.90 |
| 9. | Jos. Astugues, salary as clerk to decedent.. | 75.00 |
| 10. | J. G. Larie, salary as clerk to decedent...... | 22.50 |
| 11. | J. G. Larie, as watchman of property until sale ...................................... | 25.00 |
| 12. | Whitney Central Bank, rent of property to October 1, 1907 ........................ | 465.00 |
| 13. | W. J. Finnin, lessor of property from October 1, 1907, to date of sale ........... | 75.00 |

The Whitney Central National Bank and W. J. Finnin opposed the account and as a result of their opposition the lower court amended the account and recognized and ranked the creditors as follows:

1. Auctioneer's charges ....................$ 37.47
2. Court costs expended ................... 13.25
3. Notary for inventory ................... 15.00
4. Fee of appraisers ...................... 16.00
5. Attorney for services rendered in sale of
    movables ... .................... ......... 33.33
6. Cost of advertising letters ............:.... 3.90
7. J. G. Larie, as watchman ............... 25.00
8. Funeral charges ...... ................... 119.00
9. W. J. Finnin, landlord ................... 75.00
10. Balance after payment of foregoing to be
    paid to Whitney-Central National Bank,
    creditor as landlord ..................... 465.00

The acount as thus amended is supported by the following written reasons for judgment filed by the learned judge of the lower court.

"The succession is insolvent and all of its probable assets are displayed on the account. I rendered judgment remodeling the account, and fixing and marshaling the privileged charges in their legal order. In doing this I followed the directions of Revised Civil Code, 3255, 3256, 3257 and 3262. The opponent through its counsel waived objection to the bills for the funeral and made no objection to the amount of any law charge, except that the attorney's fees should be limited to the value of his services in bringing about the sale, and cited Revised Civil Code, 3256; Garretson vs. Creditors, 1 Rob. 445, affirmed in Hoey vs. Hews, 3 An. 704, and in 106 La. 217, Salaun vs. Creditors; and 108 La. 255, City Item vs. Phoenix Furniture Company and

other cases. I followed the rule settled in these cases and assessed the attorney's fee for procuring the sale at $33.33, as per the ratio fixed in 108 La. 255, City Item case.

"J. G. Larie was the watchman employed to guard the unoccupied house containing the movables sold, and W. J. Finnin was the lessor of the house from death to date of the sale.

"The codal provisions above cited give them rank and privilege for preserving the property."

It will be noted that the only substantial changes in the original account are the reduction of the attorney's fees, Item 5, and the rejection of Item 6, an amount reserved for future costs, and Items 9 and 10, covering the salaries of two clerks.

The administratrix, who alone appeals, is wholly without interest to complain of the court's action with respect to Items 5, 9 and 10.

> **Ferguson and Hall vs. Creditors, 19 La. 278; Succession of Pettis, 11 An. 177; Succession of Trouilly, 52 An. 284; Succession of Graf, 125 La. 209.**

Moreover the court's action on those items as well as upon Item six, the amount reserved for future costs, is in conformity with the authorities cited in its opinion and they were all properly accorded a rank inferior in dignity to that occupied by the lessor.

We are asked by the lessor to tax the costs of appeal individually against the Administratrix, but the circumstances of the case do not call for such action. Moreover the lessor is without interest to make such a demand, since the costs of appeal in any event are primed by the superior privilege which the lessor holds to secure its debt.

There is no error in the judgment appealed from and it is accordingly affirmed at the cost of appellant.

February 20, 1911.

Rehearing refused, March 20, 1911.