————————O————————

No. 6129.

## SUCCESSION OF SAMUEL THOMPSON.

### Syllabus.

1. Under the jurisprudence the "widow's homestead" claim allowed by Article 3252, Civil Code, primes and outranks

— 24 —

both the lessor's privilege and the vendor's privilege on movables.

2. The fees of the attorney employed to open a succession and the law charges for doing so are part of the necessary costs of selling the property and as such prime the "widow's homestead" claim allowed by Article 3252, Civil Code.

Appeal from the Twenty-eigthth Judicial District Court, Parish of St. John the Baptist, No. 156. Hon. P. E. Edrington, Judge.

L. H. Marrero, Jr., for plaintiff and appellee.

James E. Chenet, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

The main question presented in this case is the relative rank of the so-called "widow's homestead" claim under C. C., 3252, the vendor's privilege upon movable property, and the privilege of the lessee.

The very same question arose in **Succession of Wm. Cooley, 26 An., 166,** and the Supreme Court held that the "widow's homestead" claim was superior in rank to the other two. There is nothing left to us but to follow this decision.

It is further claimed that the fees of the attorney employed to open the succession and the law charges for doing so are not part of the "necessary costs of selling the property" and hence do not prime the "widow's homestead." But we think that they do form part of these "necessary charges," since without these steps being taken the property could not have been sold.

They have been so recognized by the Supreme Court in **Succession of Negeloua, 52 An., 1495, and Salaun vs. Creditors, 106 La., 219.**

The Succession of Campbell, 115 La., 1035, does not appear to us to be in conflict with the two cases just mentioned. That case does not deny that attorney's fees are part of the expenses necessary to affect the sale of the property. It simply holds that the expenses of last illness do not prime the widow's homestead, not being part of such necessary expenses.

In this case, however, part of the services rendered by the attorney were in a contest over who should be appointed administrator of the Sucecssion and therefore concerned the party interested alone. **Succ. of Kernan, 105 La., 592; Succ. of Benton, 106 La., 494.**

The above considered, and in view of the small amount involved in this succession we think the attorney's fees should be reduced to fifty dollars.

It is therefore ordered that the fees herein allowed to the attorney be reduced to fifty dollars.

It is further ordered that the "widow's homestead" claims of the appellant herein be recognized as superior to, and be paid by preference over, the lessors privilege of Francis Desroches and the vendor's privilege of the Toledo Computing Scale Company.

And as thus amended the judgment is affirmed at the cost of the succession.

Opinion and decree, November 9th, 1914.