Willis et al. vs. Cypress Company, Limited.

## No. 13,963.

## J. D. WILLIS ET AL. VS. RUDDOCK CYPRESS COMPANY, LIMITED.

108 255
111 584

108 255
f120 497

108 255
f123 694

## SYLLABUS.

1. Where, in the answer to a petitory action, a tax title is set up, such tax title is open to every objection of law or fact the plaintiff may have to urge against the same, just as if such objections had been specifically pleaded in the petition.

2. In 1873 a justice of the peace had jurisdiction of a suit brought by the tax collector to recover an amount of less than $100.00 due for State taxes.

3. In such a suit the tax collector did not need to be represented by the District Attorney. If it had been necessary that he should be thus represented, after the judgment and after the lapse of twenty-five years, the presumption would be, in the absence of proof to the contrary, that he was so represented.

4. A sale made under the judgment in such a suit did not need to be approved by the Auditor; except as a matter affecting the right to pay costs out of State funds.

5. In the case of a judgment rendered by a justice of the peace court more than twenty-five years ago, in the absence of proof that the defendant was dead at the time the suit was brought and prosecuted to judgment, the presumption will be·that the defendant was living; the justice of the peace court not being a court of record.

6. Where the defendant has died after the rendition of judgment, and his heirs are unrepresented or unknown, the justice of the peace may appoint a *curator ad hoc* on whom notice of seizure may be served.

7. In a petitory action against a defendant claiming title by patent from the State, the plaintiff is without interest to urge that the officers of the State were without authority to dispose of the land by patent. The title, if still in the State, would defeat the suit of plaintiff just as effectively as if vested in defendant.

8. In the description of property, according to the maps of the United States surveys, an error in the number of the range is immaterial where the description is otherwise sufficient to identify the property.

IN RE J. D. Willis *et al.*, applying for *Certiorari*, or writ of review, to the Court of Appeal, Fifth Circuit of Louisiana.

*Robert J. Perkins,* for Applicants.

*Harry H. Hall,* for Respondents.

The opinion of the court was delivered by
PROVOSTY, J. This is a petitory action to recover· a tract of swamp

land situated in the Parish of St. John the Baptist. The land was located by Joseph Desert in 1864 under a State land warrant of the series known as the Gorlinski certificates. The plaintiffs claim under this title.

Defendant impugns said title on the grounds, first, that the Gorlinski certificates had no validity; second, that the location of the land under the certificate was never approved by the Governor, and that without such approval the title remained inchoate, never maturing into a perfect title, and did not stand as an obstacle to a subsequent sale of the land by the State; third, that the said title, if otherwise good, was never recorded in the parish of St. John the Baptist where the land is situated, and as a consequence is null and void as to third persons; fourth, that the same land was adjudicated to the State at a sheriff's sale made in 1874 under a judgment rendered against Joseph Désert for taxes; and, finally, defendant claims title under a patent issued by the State to W. R. Rutland in 1890.

The first two grounds above set forth have not been settled by the decision of this court in the case of Betz vs. Illinois Central Railroad Co., 52 Ann. 893, as is erroneously supposed by plaintiff's counsel; a rehearing was granted in that case and thereafter the case never came to trial. But the omission of plaintiff's counsel to discuss this ground, as well as the omission to discuss the third ground relied on by defendant, is immaterial, as we propose to follow the example of the District and Circuit Courts and rest our decision on the validity of the sheriff's sale.

We proceed to consider the several grounds of nullity set up against this sale. They are properly set up in the present form of proceeding. Dawson vs. Hickman, 33 Ann. 438; Telle vs. Fisher, 34 Ann. 1243.

First. That Justice of the Peace Courts have no jurisdiction in suits to recover taxes, or in land controversies.

The suit involved nothing more than a monied demand. That the judgment had to be satisfied out of the immovables of the debtor in the absence of movables, did not make the suit a land controversy. C. P. 1144. No reason is assigned why because such monied demand was for taxes the Justice of the Peace did not have jurisdiction of it.

Second. That the tax collector was not represented by the law officer of the State.

The record is barren of proof that he was not; and if it was neces-

sary that he should be, the presumption in favor of the regularity of official proceedings would compel us to hold that he was.

Third. That the sale was never approved by the Auditor.

Here again, in the absence of proof to the contrary, we are constrained, under the presumption *omnia rite acta,* to hold that the approval was given if it was necessary. But such approval was necessary only for the payment of the costs, not for the perfection of the sale.

Fourth. That Joseph Désert having died in January, 1873, and the suit having been for the taxes of 1871 and 1872, which taxes of 1872 did not become delinquent before the end of 1873,—the suit was necessarily against a succession, and the Justice of the Peace had no jurisdiction of it.

We do not see that under these facts the suit was necessarily against a succession. It might have been instituted and carried to judgment before the death of Désert. True, the demand for taxes of 1872 would in such case have been premature, but the tax collector while suing for the taxes of 1871 may have included in the demand the current taxes of 1872, although not delinquent. His doing so would have given rise to nothing more serious than to a plea of prematurity.

Fifth. That the *fi. fa.* was executed contradictorily with a *curator ad hoc.*

We do not see what else the justice was to do, if the heirs of the deceased were unknown, or absent and unrepresented; and under the same maxim, *omnia rite acta,* we must presume that such was the case. He had either to make such an appointment or else let the judgment remain unexecuted. We think that under the circumstances it was admissible for him to appoint some one specially on whom notice of seizure might be served *quoad hoc negotium.* Ball vs. Crockitt, 9 Ann. 293; Theus vs. Kemp, 49 Ann. 1657.

Sixth and Seventh. That the tax collector was without authority to bring suit for the taxes.

This question was settled by the judgment condemning the defendant to pay the taxes. After judgment and execution and sale, it is too late to urge objection to the capacity of the plaintiff to stand judgment.

Eighth. This ground, as we understand it, is the same urged later in plaintiff's brief, namely, that the officers in charge of the State Land Office were without authority to sell this land to W. R. Rutland by patent, that the land could be validly sold only in pursuance of the

statutes passed expressly to provide for the sale of lands acquired by the State at tax sale.

The suit being a petitory action against a defendant claiming title, this title if still vested in the State would be just as effectual a bar to the suit as if vested in defendant; hence, plaintiff has no interest in the question. Hennen Dig., p. 1114. The possession taken by the sheriff when he made the seizure is joined to that of the present time, and the defendant is presumed to have been continuously in possession. Brien vs. Sargent, 13 Ann. 198.

Finally, plaintiffs contend that the land adjudicated to the State at the sheriff's sale is not the same for which suit is now brought. The land sold is the land that was owned by Joseph Désert. This is shown by a plat introduced in evidence by plaintiffs. The description in the deed agrees with the description in the plat in name, boundaries and acreage, and differs only in that section 25, which is the land in controversy, is put by the deed in township 10, range 8, whereas by the plat it appears to be in township 10, range 7. That this is an immaterial error is not debatable, in the light of past adjudications of this court bearing on errors in descriptions according to government surveys. Error in the range has time and again been held immaterial where by the other parts of the description, and even by competent proof *aliunde,* the land was identified. See Bryan vs. Wisner, 44 Ann. 832, and cases there referred to.

For these reasons, we find no error in the judgment of the Court of Appeal, and the same is hereby sustained.

BREAUX, J., dissents.

Rehearing refused.