No. ——

First Circuit Appeal

MRS. MAY CHESNUT, ET AL., v. O. C. SNELL, ET AL.

(June 20, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Mandate—Par. 29, 34.**

Under Articles 21 and 2295 of the Civil Code, where one undertakes to manage the affairs of another, he incurs all the obligations which would result from an express agency with which he might have been invested by the owners. Therefore, he must return to the owner all rents collected by him as manager.

2. **Louisiana Digest—Fraudulent Conveyances—Par. 18.**

Where, while attorneys were employed by an agent for the owner to perfect the owner's title so that she could sell the agent the property, a tax sale occurs in which attorney employed by the agent purchases the property, it is a simulation and therefore null and void.

3. **Louisiana Digest—Taxation—Par. 330, 331.**

Notice of tax delinquency addressed to the owner at Hammond, La., after the owner had been a resident of the State of Oklahoma continuously for several years, was equivalent to no notice at all and therefore the tax sale was null and void.

4. **Louisiana Digest—Taxation—Par. 381.**

A petition which alleges that "the tax title is a simulation; that it stands on record as a violation of Mr. Snell's duty to Mrs. Chesnut, etc.; that it should be cancelled as null and void," are allegations that the title has no actual existence but merely serves as a cloud on the title of the owner, and states a cause of action because, under the circumstances the title does not have to be directly attacked.

**5. Louisiana Digest—Taxation—Par. 375, 381.**

It is not necessary for the plaintiff to complain that the tax title of the defendants has no actual existence to directly attack a tax title in order to get judgment declaring it null and void.

Appeal from the Twenty-fifth Judicial District, Parish of Tangipahoa. Hon. Robert S. Ellis, Judge.

This is a suit for a tax sale to be decreed a simulation and as such null and void.

There was a demand for the return of rents collected by one of the defendants.

There was judgment for plaintiff and the defendant, Snell, appealed.

Judgment affirmed.

A. W. Spiller, of Amite, attorney for plaintiff, appellee.

W. S. Rownd, of Hammond, attorney for defendant, appellant.

ELLIOTT, J. This is a suit by Mrs. May Chesnut and other plaintiffs, her co-heirs and co-owners, suing as owners and possessors, to have a tax sale of the property described in their petition decreed to be a simulation, and as such null and void on the ground that it was made without notice to her that her taxes were delinquent; and also because the party who purchased the property at the tax sale had no right to permit it to be sold for taxes.

That the purchaser had the tax sale title placed in the name of another party in order to screen the fact that he had himself purchased it. And the plaintiffs claim that the defendant, Snell, should account to Mrs. Chesnut for sums collected as rents. Plaintiffs, referring to a previous judgment in the suit, in which O. C. Snell, one of the defendants in the present suit, was the plaintiff, and Mrs. May Chesnut, one of the present plaintiffs, was the defendant, alleged compliance on her part with the requirements of the judgment in the matter of returning double the earnest money mentioned in the previous judgment.

Plaintiffs allege that the money was tendered to Judge W. S. Rownd, attorney for O. C. Snell, and that Judge Rownd declined to receive the amount; it was then tendered to Mr. Snell.

Defendants O. C. Snell and W. S. Rownd for answer deny that plaintiffs are the owners and possessors; deny that the tender made was sufficient in amount; also deny that it was made within the time fixed by the judgment, and allege that it had no effect on that account.

They allege that the tax title vested in Judge Rownd was a good and valid tax title, and deny that it was a simulation and had been made for the purpose of screening an illegal act, and deny that plaintiffs were entitled to the sums claimed collected by Mr. Snell, as rent for the property.

The District Judge rendered judgment in favor of the plaintiffs as prayed for.

Defendant Snell appealed.

The record of the previous suit offered in evidence requires some notice in the present case.

Mr. Snell was a real estate agent in Hammond, La., and became the agent of Mrs. Chesnut for the purpose of looking after, collecting rents, paying taxes on and in trying to sell for her the property described in her petition.

As her agent, he for some time looked after the property for her, made efforts to collect rent, and on one occasion paid taxes for her. He subsequently wrote her that he might buy the property for himself. This led to the agreement to sell,

the recall of which caused the former suit. This agreement to sell was called off by Mrs. Chesnut soon after it was entered into; she states in her letter revoking her promise that she was informed that he had not acted right toward her in the matter of price and declined to have further dealings with him of any kind. During an exchange of letters on the subject the property was assessed to Mrs. Chesnut for the year 1922. The taxes were not paid and on June 23, 1923, the property was adjudicated to Mr. Snell for delinquent state and parish taxes assessed against Mrs. Chesnut for the year 1922, but the title was taken in the name of W. S. Rownd. This title was recorded July 12, 1923.

The firm of Rownd & Hungate had been employed by Mr. Snell for Mrs. Chesnut to perfect her title so she could sell him the property and make him a good title, and while they were so ostensibly engaged the above mentioned assessment and sale was made.

After Mrs. Chesnut agreed to sell the property to Mr. Snell, she wrote him, authorizing him to take possession. So. Mr. Snell collected the rent, but, as a witness, he claims that the rent collected belongs to him because of her promise to sell him and authority to take possession pending the execution of the promise.

We are satisfied from the evidence that Mrs. Chesnut complied with the judgment in the previous suit in the matter of returning double the earnest money and tendered a proper amount and within the limit prescribed; first to Judge Rownd and then to Mr. Snell.

After this tender was made and declined Mr. Snell ceased to have any further right or interest in and to the property, and the sums he had collected as rent belonged to Mrs. Chesnut, the owner of the property.

As for the tax title set up against plaintiff by Judge Rownd, the notice of delinquency was addressed to Mrs. Chesnut at Hammond, La., whereas Mrs. Chesnut had been a resident of Chickasha, Grady County, Oklahoma, continuously since 1919; therefore the notice sent to her at Hammond, La., was equivalent to no notice at all. Her residence in Oklahoma was shown by a title or agreement covering the property in question signed by her co-heirs and duly recorded in the conveyance records of the parish of Tangipahoa in the year 1919 and by an assessment made previous to the one in question.

We do not think the tax title can be supported as legal for the reason stated; but there is another reason why the plaintiff is entitled to have it cancelled.

The evidence shows that Mr. Snell should not have permitted the property to be sold for delinquent taxes. He had collected rent on the property which justly belonged to Mrs. Chesnut as above stated and had same in his possession at the time, more than sufficient to pay all the taxes due thereon. It is true he claimed this money, because of her promise to sell and authorization to take possession pending the execution of the promise, but the judgment heretofore rendered recognizing her right to recede from the promise upon paying back to him double the sum received and her tender and his refusal left him without any further interest in the property and under the duty of accounting to the owner for the sums collected as rent.

Mr. Snell, having permitted the property to be sold for taxes for the purpose of buying it in for himself, his purchase will be regarded as a mere payment of the taxes due thereon and not as divesting the title of Mrs. Chesnut.

The allegations of the plaintiff that the tax title was a simulation, in that Mr.

Snell bought in the property for himself but had the title placed in the name of his attorney, Judge Rownd, though denied in the answer, was admitted on the trial in open court. The fact that Mr. Snell had the title placed in the name of Judge Rownd instead of taking it in his own name is proof that he felt that he had no right to permit it to be sold for taxes or right to buy it in.

The judgment appealed from ordering the cancellation of the tax title and the return to Mrs. Chesnut of the sums which Mr. Snell had collected as rent, subject to the credits allowed in the lower court, appears to us to be an equitable decision and meets with our approval. C. C. Arts. 21 and 2295.

The defendants contend in their answer that the tax title is not directly attacked, etc.

The plaintiffs allege that they are the owners and possessors of the property; that the tax title is a simulation in the way stated; that it stands on record as a violation of Mr. Snell's duty to Mrs. Chesnut, etc.; that it was taken in the name of Judge Rownd for the purpose of screening the fact; that it should be cancelled as null and void and the plaintiffs pray to be recognized as the owners, etc.

Generally speaking, a tax title not null and void on its face should be directly attacked. But where the allegation is that the title has no actual existence; that it was in fact a mere payment of the taxes and only serves as a cloud on the title of the owners, we think it may be ordered cancelled under allegations and prayer such as we find in this case. Such a title, set up by defendants as a muniment of title, is open to every objection of law and fact which shows that it is not a title and had no actual existence as such. Telle vs. Fish, 34 A. 1243; Willis

vs. Cypress Co., 108 La. 255, 32 South. 386.

We find no error in the judgment appealed from.

For the above reasons the judgment appealed from must be affirmed.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.