162 So. 765

PALAMA v. LIVAUDAIS et al. (ROBERTS, Intervener).

No. 33442.

July 1, 1935.

See, also, 179 La. 201, 153 So. 691.

Chas. A. Palermo, Geo. J. Gulotta, and Arthur Landry, all of New Orleans, for appellant.

Prowell & McBride, of New Orleans, and Welton P. Mouton, of Lafayette, for appellee Roberts.

O'NIELL, Chief Justice.

On the 14th of February, 1929, Harvey E. Roberts entered into an agreement to buy from Livaudais & Livaudais, agents for an undisclosed principal, 14 lots, numbered 6 to 19, both inclusive, in a subdivision of land belonging to Palama. The price stipulated was $5,200, of which $2,500 was to be paid in cash, and $2,700 to

be represented by three promissory notes, for $900 each, payable in one, two, and three years. The firm of Livaudais & Livaudais was succeeded in the real estate business by Livaudais & Cazzetta. On the 1st day of March, 1929, Livaudais & Cazzetta gave Roberts a so-called "bond for deed" for the 14 lots. Roberts paid to Livaudais & Cazzetta all of the $5,200, except the final payment of $900, which he paid to Palama on the 19th of November, 1931. Meanwhile, that is, on the 16th of March, 1929, Palama sold the whole subdivision, consisting of 131 lots, to Livaudais & Cazzetta, for $31,500, of which $7,500 was said to be paid in cash, and $24,000 was represented by three promissory notes for $8,000 each, secured by a mortgage and vendor's lien on all of the lots. The deed contained a stipulation for a release of the lots from the mortgage and lien on receipt of the value of the lots, by Palama, according to a list of valuations made in the deed. Palama released 4 of the lots for which Roberts held the "bond for deed," when Roberts paid the $900 to Palama and received a deed from Livaudais & Cazzetta on the 19th of November, 1931. Palama refused to release the 10 other lots, for which Roberts held a "bond for deed," notwithstanding Palama had received all of the price which Roberts had paid to Livaudais & Cazzetta, as agents for Palama. Thereafter Livaudais & Cazzetta defaulted on their mortgage notes which Palama held, and he foreclosed the mortgage and lien on the whole subdivision, except the 4 lots on which he had released his mortgage and lien. Roberts intervened in the foreclosure proceedings, demanding title for the 10 lots for which he held the so-called "bond for deed," and he prayed for and obtained a writ of injunction, preventing the sale of the 10 lots. Palama appealed from the judgment granting the preliminary injunction; and the judgment was affirmed. See Palama v. Livaudais et al. (Roberts, Intervener), 179 La. 201, 153 So. 691. The case was then heard on its merits, in the district court; and, by agreement of the parties, the case was submitted on the same evidence which had been introduced on the trial of the rule for the preliminary injunction. The district judge, of course, having the same evidence before him, gave judgment for Roberts, perpetuating the injunction, and ordering the 10 lots to be conveyed to him, free from Palama's mortgage and lien. Palama has appealed from the judgment.

The finding of fact on which this court affirmed the judgment granting Roberts a preliminary injunction was that Palama actually received all of the price, $5,200, for which Livaudais & Cazzetta, as agents for Palama, gave Roberts the so-called "bond for deed." That finding of fact, without other evidence, is a sufficient warrant for an affirmance of the judgment perpetuating the injunction. The decision rendered on the former appeal in this case is the law of the case.

It is true that when Livaudais & Cazzetta received from Palama the title for the

lots which they were obliged, by the "bond for deed," to sell to Roberts, they received the title subject to the mortgage and vendor's lien in favor of Palama; but the transaction was subject also to Palama's obligation to release the mortgage and lien on any lot or lots which Livaudais & Cazzetta might sell, on Palama's receiving the price, according to the schedule of prices stated in the deed from Palama to Livaudais & Cazzetta. And the finding of fact, on the former appeal, was that the price which was in excess of the schedule of prices stated in the deed from Palama to Livaudais & Cazzetta, was actually received by Palama. Hence Roberts was entitled to specific performance of the obligations of the so-called "bond for deed," and to the performance of the obligation of Palama to release his mortgage and lien on the lots, on receipt of the price stipulated.

Counsel for Palama complain that the district judge did not render judgment on an exception of no cause of action, which Palama filed in defense of the rule to show cause why the preliminary injunction should not be granted. The judge referred the exception to the merits, and afterwards based his judgment upon the evidence, without referring again to the exception of no cause of action. When a judge refers an exception of no cause of action to the merits of the case, and requires the defendant to answer the plaintiff's petition, the judge thereby virtually overrules the exception of no cause of ac-

tion. That is what happened in this case. The exception was founded upon a failure of Roberts to charge fraud on the part of Palama or of Livaudais & Cazzetta, or to allege that he, Roberts, acted in error of fact, when he obtained from Livaudais & Cazzetta the so-called "bond for deed," before they had procured a title from Palama. But the theory of Roberts' intervention was that Livaudais & Cazzetta were acting as the agents for Palama, who received the price paid for the "bond for deed." On that theory—which has been sustained—the petition of intervention of Roberts did set forth a cause of action.

The judgment is affirmed.