**BROWN et al. v. TAUZIN et al. ***

No. 5130.

Court of Appeal of Louisiana. Second Circuit.

Nov. 6, 1935.

*Rehearing denied Dec. 13, 1935.

Rusca & Cunningham, of Natchitoches, for appellant.

John G. Gibbs, of Natchitoches, for appellees.

TALIAFERRO, Judge.

Plaintiffs, Otho Brown and Mrs. Emily Brown Gotman, majors, and Rebecca and Frank Brown, minors, represented by their natural tutrix, Mrs. Mary Lou Brown, bring this petitory action against Paul E. Tauzin and his wife, Donna Mae Tauzin, to recover possession of the following described lands in Natchitoches parish, to which they assert ownership, viz.: "Northwest Quarter (NW¼) of Southwest Quarter (SW¼) of Section 15; Southwest Quarter (SW¼) of Northeast Quarter (NE¼) and Southeast Quarter (SE¼) of Northwest Quarter (NW¼), Section 22, Township 9, Range 8 West."

They allege that defendants' possession of and asserted title to said land is predicated upon an illegal, null, and void tax sale to Mrs. Tauzin, dated July 5, 1930, in name of Mary Lou Brown, tutrix, for delinquent taxes of the year 1929; the specific charge of nullity being that the description in the tax deed, while giving correct subdivisions and section numbers, declares said lands to be in township 8, range 9 west. It is attacked for that reason.

It is also alleged, inferentially, that as Paul E. Tauzin had been appointed undertutor to all of said plaintiffs, he and his wife did not acquire, and could not have acquired, any legal or valid interest in said lands through said tax deed to her.

Mrs. Tauzin in limine filed exception of no right and no cause of action, and a plea of prescription of three years. These were argued and referred to the merits.

Paul E. Tauzin denied and disclaimed that he had any interest in the lands or that he was in possession thereof. He admits he had been appointed undertutor of plaintiffs while all were minors, and avers that his wife acquired valid title to the lands by virtue of the tax sale attacked by plaintiffs; that she acquired the land with her own separate paraphernal funds for her own separate estate. He prays that the suit as to him be dismissed.

The exception and plea filed by Mrs. Tauzin were renewed in her answer to the merits, and in this court also. She avers that the tax sale to her vested good and valid title in her of the lands now claimed by plaintiffs. It is admitted that the assessor, in transcribing the description of said lands from the original assessment list thereof for 1929 to the triplicate permanent tax rolls, made a clerical error in the number of township and range, which was repeated in deed to her, but that said errors are harmless; that the assessment was sufficient for all legal intents and purposes; that plaintiffs owned no other property in Natchitoches parish, and that said error in description misled no one; that the description in the tax deed reasonably identified said lands as being the same as sued for herein. She avers that she purchased said land with her own separate, paraphernal funds, and denies that she was legally inhibited from buying said lands at tax sale because her husband was, or had been, undertutor of the tax debtors.

In the alternative, she sues for value of improvements placed on the property while in her possession, for taxes thereon paid by her, penalties, etc.

There was judgment for plaintiffs recognizing them as owners of the lands sued for, but rejecting their demands against Paul E. Tauzin; and in favor of defendant on her reconventional demand for $177.98. After unsuccessful application for rehearing on part of Mrs. Tauzin, she appealed to this court.

Motion to Dismiss Appeal.

Appellees moved to dismiss the appeal on the ground that no citation of appeal was issued or served on them, or their counsel, and that the record does not disclose that a motion for appeal was made or granted in open court.

The motion to dismiss is not well founded. Under the caption "Minutes of the Court," appears the following entry:

"May 4th, 1935.

"Otho Brown et al. vs. P. E. Tauzin et al. Motion for appeal made and appeal granted to defendant, Mrs. P. E. Tauzin, suspensive and devolutive, returnable to the Honorable Court of Appeal, Second Circuit of Louisiana, sitting at the City of Shreveport, Louisiana, on or before Monday, June 3rd, 1935, devolutive appeal bond fixed at the sum of $300.00 and suspensive at $200.00."

This entry is in same form as the other dozen or more minute entries in the case. None of them affirmatively show that the action therein mentioned was taken in

open court. The inference is convincing that all were made by the clerk to reflect what had actually transpired in open court. If the deduction can be reasonably inferred from the above-quoted minute that the court was not open when the motion for appeal was made, then it may as surely be inferred that all proceedings in the case, including trial, were had while the court was not open.

Mover does not allege that the appeal was not granted on motion made in open court, but only that the minutes do not affirmatively show that court was open when the appeal was asked for and granted. It will not be presumed that the trial judge would grant at chambers an oral motion for appeal, nor that the clerk would inscribe in his official minutes such a request without an order of the court. On the contrary, all presumptions support a contrary hypothesis. The maxim omnia rite applies.

The motion to dismiss is overruled.

Exception of No Cause of Action.

Defendant's counsel complains that the lower court did not pass on the exception of no cause and no right of action after same was argued and referred to the merits. It was the duty of the court to have expressly passed on the exception. By referring it to the merits, thereby virtually requiring defendant to answer, and basing his judgment upon the merits, without reference to the exception, a judge in effect overrules the exception. Palama v. Livaudais, 182 La. 1035, 162 So. 765.

In support of the exception, appellant argues that, while the tax deed to her is assailed as a nullity, no facts are set up in the petition upon which to base this conclusion. It may be pertinently said that the petition could be improved upon with respect to details of the attack upon the tax deed; but, we think, after maturely considering all the articles thereof, that a cause of action is disclosed.

The petitioners affirmatively declare they are the owners of the land described in their petition, and attach a copy of a judgment of court, rendered in 1924, decreeing them to own same. They aver that defendants are illegally in possession of the property, and pray that their ownership be recognized and they be placed in possession thereof. These allegations are sufficient in a petitory action. The attack

on the tax sale in the petition was unnecessary to the efficacy of the suit; and, if done inartfully, the disclosed cause of action none the less remains unimpaired. "A tax title pleaded as a defense in a petitory action, is open to all objections on the part of the plaintiff, such as defective description, just as if such objections had been specially pleaded in the petition." Stanley et al. v. Snell, 5 La. App. 635; Willis v. Ruddock Cypress Co., 108 La. 255, 32 So. 386; Telle v. Fish, 34 La. Ann. 1243; Hickman et al. v. Dawson, 33 La. Ann. 438. And so it is in the present case, plaintiffs could have urged the same objections to defendant's tax deed on trial, without making a direct attack thereon in their petition, as they would have the right to urge if directly attacked by them.

The exception is overruled.

Plaintiffs do not contend that taxes were not due on their land for 1929 when the tax sale was made to Mrs. Tauzin. It is not alleged that notice was not given them or their tutrix of the delinquency of taxes under the erroneous assessment to their tutrix. They simply say that their property has not been legally sold for taxes because incorrectly described upon the tax roll and incorrectly described in defendant's deed. In other words, had the errors in township and range numbers not been made, the tax deed would be conceded to be valid. Standing alone, the deed does not describe plaintiffs' property; but it has been repeatedly held that testimony de hors the deed and tax roll is admissible to establish identity of the property intended to be sold for taxes, and to establish with reasonable certainty the description of the property all concerned had in mind in the matter of its assessment and sale.

Section 3 of Act No. 140 of 1890 provides: "That no assessment or tax sale shall be set aside or annulled for any error in description or measurement of the property assessed, in the name of the owner, provided the property assessed or sold can be reasonably identified."

And section 4 provides: "That the tax sale shall convey and the purchaser shall take the entirety of the property, neither more nor less, intended to be assessed and sold and such as it was owned by the delinquent tax payer, regardless of any error in the dimensions or description of the property assessed and sold and the tax collector in the advertisement or deed of

sale may give the full description according to original titles."

It is clear from these provisions of the act that the tax purchaser has the right to take possession of the land owned by the debtor, and *intended* to be assessed and sold, and that the tax collector may incorporate in his deed a correct description of the property intended to have been adjudicated for delinquent taxes, regardless of how described on the tax roll or in advertisement of sale, and to this end may refer to original titles. Therefore, had the tax collector correctly described plaintiffs' land in the deed to Mrs. Tauzin, he would have been within his legal rights, and the deed would be without the objection presently urged against its validity. If a ministerial officer, such as a tax collector, is vested with such authority in such matters, then it seems obvious that in appropriate proceedings in the dispensation of justice a court would unquestionably have the right, by decree, to bring about such a result.

Defendant sought to prove by the tax assessor of Natchitoches parish, and others, that plaintiffs owned no land in Natchitoches parish at date of tax sale other than that described in their petition; that it was located in ward 1 of the parish; that defendant experienced no trouble in locating the land she went into possession of, and made no effort to take possession of the corresponding subdivisions in township 8, range 9 west; that township 8, range 9 west, is in ward 6 of the parish; that the tax assessor checked on his plat book the Brown lands in township 9, range 8 west, as belonging to Mrs. Tauzin after the tax sale; that the lands in township 8, range 9 west, were owned by other persons than plaintiffs in 1929, and taxes thereon paid prior to tax sale to defendant.

All of this testimony was objected to by plaintiffs' counsel on the ground that parol testimony is not admissible to change or vary a deed, and particularly a tax deed; that the proffered evidence was irrelevant and immaterial. These objections were sustained. Defendant reserved a bill of exception, which was duly noted. The testimony was taken down for the purpose of making it a part of the bill of exception. Plaintiffs' counsel moved here to strike it from the record as no formal bill of exception was drawn and signed by the trial judge. This is not necessary under Act No. 61 of 1908, which provides, viz.: "That hereafter in civil cases it shall be unnecessary to reserve any Bill of Exception, or note in lieu thereof, to any ruling by a Trial Judge upon admissability or competency of any evidence tendered in a cause, but it shall suffice that the stenographic notes taken at the trial shall show that evidence was tendered and objected to, and shall set forth the nature of such evidence and ground of such objection, and the ruling of the Court thereon; and any such ruling shall be reviewable on appeal without the necessity of further formality."

The excluded testimony was admissible under the well-established jurisprudence of the state. Its purpose was to establish reasonable identity of the land intended to have been assessed and sold to defendant. This is all that is necessary under the law, and especially under Act No. 140 of 1890. Where the description in the tax deed is uncertain, resort may always be had to title of the tax debtor, along with other pertinent evidence, in order to establish identity of the land intended to be sold for taxes. As the testimony excluded in this case was taken in extenso and is in the record as part of the bill of exception, it may and will be given its due weight by us. It discloses that the only land owned by plaintiffs in Natchitoches parish in 1929 was that described in their petition, of which defendant took immediate possession following her purchase at tax sale; that her possession was undisturbed until filing of present suit in December, 1934; that said land is in ward 1; that the corresponding land in township 8, range 9 west, is in ward 6, and was then owned by other persons and taxes thereon timely paid. This testimony, supported by other of similar character, clearly shows that describing the land on the tax roll as being in township 8, range 9 west, was simply a clerical error on the part of the assessor, which was carried, in like manner, into defendant's deed, and that plaintiffs' land alone could have been intended. The tax deed to defendant specifically states that the land therein described was that which was assessed to plaintiffs' tutrix for 1929. To aid in identification, resort may be made to the tax roll. While the lands are described as being in township 8, range 9 west, yet the assessment shows the lands intended to be described are located in ward 1, and not in ward 6 of which township 8, range 9 west, is a part. Therefore, the assessment roll it-

self places the lands in ward 1, which negatives the inference arising from the error in description that they are located in ward 6. Ward lines are well known to all residents thereof. These govern the place of voting, jurisdiction of ward officers, taxes, etc.—matters which directly concern the inhabitants of such subdivisions. It follows that no one, after reading this assessment, could have been misled by the errors in the description, to the extent of thinking the property was situated in ward 6; and as township 8, range 9 west, is not in ward 1, but in ward 6, a fortiori that the lands could be in the township and range written on the tax roll.

Anent this question, the Supreme Court, in Willis et al. v. Ruddock Cypress Land Co., Ltd., 108 La. 255, 258, 32 So. 386, 387, said: "Finally, plaintiffs contend that the land adjudicated to the state at the sheriff's sale is not the same for which suit is now brought. The land sold is the land that was owned by Joseph Desert. This is shown by a plat introduced in evidence by plaintiffs. The description in the deed agrees with the description in the plat in name, boundaries, and acreage, and differs only in that section 25, which is the land in controversy, is put by the deed in township 10, range 8, whereas by the plat it appears to be in township 10, range 7. That this is an immaterial error is not debatable in the light of past adjudications of this court bearing on errors in descriptions according to government surveys. Error in the range has time and again been held immaterial where by the other parts of the description, and even by competent proof aliunde, the land was identified. See Bryan v. Wisner, 44 Ann. 832, 11 So. 290, and cases there referred to."

In Weber's Heirs v. Martinez, 125 La. 663, 51 So. 679, 681, wherein the sufficiency of the description in a tax deed to identify the land therein was at issue, the court said: "Such identification might be completed by proof, aliunde the title, of possession, by the vendor or vendee, or of any other relevant facts."

In Gouaux v. Beaullieu et al., 123 La. 684, 49 So. 285, 289, in discussing a like question, referring to the case of Corkran Oil Co. v. Arnaudet, 111 La. 563, 586, 35 So. 747, the court quoted the following language therein: "Gillert did identify it [the land] and took possession as owner."

In Pierson v. Castell Land & Harbor Co., Inc., 159 La. 158, 105 So. 274, 276, the court applied section 3 of Act No. 140 of 1890, quoted supra, and in course of its opinion said:

"The only other cause of nullity seriously urged is that there was no sufficient description of the land in the assessment to constitute the basis for a valid tax sale, or that would make the tax title immune from attack after the lapse of three years.

"The assessment which we have already quoted gives the name of the owner, the number of acres, together with the several townships and ranges in which the land is located. The land constitutes practically a solid block and embraces practically all the townships and ranges named in the assessment.

"There was no other land owned by either the Louisiana Reclamation Land Company or Herwig in the townships and ranges mentioned in the assessment, and no other assessment was made to either for the year 1890. The land was minutely and particularly described in the advertisement and in the tax deed to the state the same as in the previous assessment and tax deed under which Herwig purchased.

"These facts, we think, were sufficient to identify the lands owned at the time by the Louisiana Reclamation Land Company as the property intended to be assessed and sold."

In the case at bar there was an assessment of land to the tutrix of plaintiffs. The correct subdivisions were described and correct section numbers given, with correct acreage owned by the tax debtors. The assessment appeared on the tax roll among those listed as being in ward 1 of the parish; the township and range given in the assessment is not in ward 1; but township 9, range 8 west is in that ward. The deed specifically stating that the lands sought to be conveyed therein are the same as those assessed to the tutrix for 1929, the tax roll of that year may be read into the deed for the purpose of establishing identity of the land sold for taxes. The two descriptions may be construed together, and this, coupled with other testimony bearing upon the question, including that showing that defendant identified the land by promptly taking actual possession of it, are sufficient to identify the land in the tax deed as being that belonging to plaintiffs.

The following cases, in addition to those quoted from, sustain the reasoning and conclusions above set out, viz.: In re Perrault's Estate, 128 La. 453, 54 So. 939; Schwartzenberg v. Schwartzenberg, 138 La. 294, 70 So. 230; Fellman's Heirs v. Interstate Land Co., 163 La. 529, 112 So. 405.

Many others to same effect could be cited.

It is our opinion, and we so hold, that Mrs. Tauzin acquired title to plaintiffs' property through the tax deed to her, and that her deed is now safe from attack by them.

■ We are further of the opinion that the validity of the tax deed to Mrs. Tauzin is unaffected by the fact that her husband had been appointed undertutor to plaintiffs, some of whom being subject to minority when the sale took place. It appears that she and Tauzin were in fact estranged at the time and, although living in the same house, conjugal relations between them had ceased. They were thereafter divorced. In their answers, each avers that Mrs. Tauzin paid for the property from her own separate paraphernal estate.

Appellees cite the case of Aronstein v. Irvine, 49 La. Ann. 1478, 22 So. 405, in support of their attack on the tax sale for the above cause. This case simply holds that the tutor therein was inhibited from purchasing his minor's property, and those to whom he thereafter sold same were possessors in legal bad faith, including the undertutor who had acquired part of the property.

In Smith et al. v. Krause & Managan Lumber Co., 125 La. 703, 51 So. 693, the court definitely held that the undertutor occupies no fiduciary relation to the minor, in the sense of holding the property of such minor in his possession, or of administering it; and further held that the general rule is that all persons may buy and sell, except those specifically interdicted by law, and that an undertutor is not interdicted from buying succession property in which the minors for whom he is undertutor are interested. The rule would more forcefully apply to the wife of the undertutor.

■ Over three years have elapsed since the recording of the tax deed to Mrs. Tauzin. The constitutional prescription of three years is a bar to attack in the deed for this cause, even though it be admitted, for sake of argument, that such attack would have had merit if begun within the three-year period.

For the reasons herein assigned, the judgment appealed from is reversed, annulled, and set aside; and it is now ordered, adjudged, and decreed that defendant Mrs. Donna Mae Tauzin, divorced wife of Paul E. Tauzin, be and she is hereby recognized as the legal owner of the following described land situate and being in the parish of Natchitoches, state of Louisiana: "Northwest Quarter (NW ¼) of Southwest Quarter (SW¼), Section 15; Southwest Quarter (SW¼) of Northeast Quarter (NE¼) and Southeast Quarter (SE¼) of Northwest Quarter (NW¼), Section 22, Township 9 North, Range 8 West," being the same land described in plaintiffs' petition; and that her possession thereof be quieted.

It is further ordered that plaintiffs' suit be dismissed and their demands rejected, at their cost.