CHASEZ, Judge.
Plaintiffs in this case obtained a judgment against the Independent Oil & Chemical Workers Union of Louisiana, which was amended and affirmed by this court on January 9, 1968, 206 So.2d 114. Writs to the Supreme Court were refused on March 25, 1968, and the judgment became final, 251 La. 1049, 208 So.2d 323.
Plaintiffs allege that at some point during the pendence of the suit the named defendant, Independent Oil and Chemical Workers Union of Louisiana, changed its name to Oil, Chemical and Atomic Workers International Union, AFL-CIO, Local No. 4-750.
*715 On August 16, 1968 the plaintiffs, Roddy and Millet, filed a rule requiring the Oil, Chemical and Atomic Workers International Union, AFL-CIO, Local No. 4 — 750, to show cause why it should not be substituted as the defendant, in lieu of the Independent Oil & Chemical Workers Union of Louisiana against which the judgment became final and definitive on March 25, 1968.
This rule was met by an objection on the part of defendant to the employment of summary proceedings, as well as with a motion to quash service on the Oil, Chemical and Atomic Workers International Union, AFL-CIO, Local No. 4-750.
On hearing of the Motion and Rule the trial judge refused to allow summary proceedings to be used to substitute a new judgment debtor and dismissed plaintiffs’ rule at their costs on the 26th day of November, 1968. From this judgment plaintiffs have appealed.
The sole issue presented is, therefore, whether summary proceedings may be used to substitute a new judgment debtor for the judgment debtor named in the suit after the judgment has become final and definitive.
Plaintiffs-appellants sought to introduce evidence at the hearing of the motion and rule to show that the two named unions are one and the same; that the union merely changed its name but was the same in all other particulars. The trial judge refused to allow the production of such evidence.
Appellant relies foremost on LSA-C.C.P. art. 1951 which provides:
“A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
“(1) To alter the phraseology of the judgment, but not the substance; or “(2) to correct errors of calculation.”
In Houston Oil Field Material Co. v. Pioneer Oil & Gas Co., La.App., 211 So.2d 681 (4th Cir. 1968), this court held that the omission of the name of one defendant in solido was an omission of substance rather than an alteration of phraseology, and could not be corrected by ex parte motion, but could be done by contradictory motion timely filed.
Appellant analogizes this situation where a defendant was erroneously named in a judgment or inadvertently omitted from a judgment to the present situation where the defendant has allegedly changed his name. But both of these former situations are ones where the defendant was before the court and the error of omission was clerical in nature.
In the present situation the defendant was not before the court at any time. It was not served with citation or with a petition. In effect, plaintiff is attempting to have the Local 4-750 cast in judgment without a day in court. This he may not do.
There was no clerical error made. The judgment rendered was against the defendant named in the original petition. The present defendant was not before the court until it was demanded by a rule that Local 4 — 750 show cause why it should not be substituted as defendant and judgment debtor in plaintiff’s judgment. This we hold was an improper use of summary proceedings and the court a quo’s judgment dismissing plaintiffs’ rule was eminently correct.
It is the well settled jurisprudence in this state that:
“A judgment is the solemn adjudication of a court, established by law, made in a suit upon the relative claims of parties thereto, as disclosed by the record, and which passes on the matters so presented for determination. Lange *716 v. Baranco, 32 La.Ann. 697. See, Breaux v. Laird, 230 La. 221, 88 So.2d 33. A judgment is a fiat of a court settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards. Schulhoefer v. City of New Orleans, 40 La.Ann. 512, 4 So. 494. * * * If changes therein are warranted, such may and must be effected before its finality, for which ways and means are provided. Lacaze v. Hardee, La.App., 7 So.2d 719. A ‘judgment’ in the true sense is the final determination of the rights of the parties in an action. Lacour Plantation Co. v. Jewell, 186 La. 1055, 173 So. 761. A final judgment is definitive when it has acquired the authority of the thing adjudged. LSA-Code of Civil Procedure, Art. 1842. Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies though the judgment may have been erroneous and liable to certain reversal on appeal. Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805; Fouchaux v. Board of Commissioners, La.App., 65 So.2d 430. A judgment is final as to a party taking no appeal. Anderson v. Legrande, La. App., 140 So. 269; Landis & Young v. Gossett & Winn, La.App., 178 So. 760.” Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865 (1963).
See also Alexander v. Alexander, La. App., 196 So.2d 628 (1st Cir. 1967); O’Niell v. Sonnier, La.App., 195 So.2d 724 (1st Cir. 1967); Burnett v. Burnett, La.App., 170 So.2d 404 (3rd Cir. 1965).
For the foregoing reasons the judgment against plaintiffs dismissing their rule at their costs is affirmed. Costs of this appeal to be paid by plaintiff-appellants.
Affirmed.