GUIDRY, Judge.
Plaintiff, Humble Oil & Refining Company, sued Mrs. Bernard E. Doughty to recover the sum of $244.21 which it alleged represented purchases of merchandise made by her during the period from November, 1967 through February, 1969. The defendant answered denying her indebtedness to plaintiff and, assuming the position of Third Party plaintiff, sought judgment against her husband, Dr. Bernard E. Doughty, alleging in her Third Party petition that at all material times she was the wife of the Third Party defendant; that the articles purchased were necessaries; and, that by judgment of the 24th Judicial District Court dated May 21, 1968 rendered in proceedings Number 107-983 she and her husband were judicially separated. Dr. Doughty filed exceptions of no cause of action and no right of action as well as an answer to Mrs. Doughty’s third party demand. The basis for these exceptions was that the debt for which Mrs. Doughty was being sued and for which she wanted to be compensated by him if judgment was rendered against her was incurred subsequent to the filing of the separation suit which resulted in the judgment of separation dated May 21, 1968. These allegations relative to the date on which the separation suit was filed and the dates on which the debt was incurred were reiterated in Dr. Doughty’s answer. The trial court rendered judgment on the principal demand in favor of Humble Oil & Refining Company and against Mrs. Doughty and ordered the latter’s Third Party demand dismissed at her costs. From this judgment defendant and third party plaintiff, Mrs. Bernard E. Doughty, prosecutes this appeal.
It clearly appears that the plaintiff, Humble Oil & Refining Company, is entitled to the judgment rendered in its favor by the lower court. At the trial below the defendant, Mrs. Doughty, stipulated that she had in fact made the purchases set forth on the itemized statement of account annexed to plaintiff’s petition and that the amount sued for was due and owing.
The essential issue of this appeal is thus whether the trial court erred in dismissing the third party demand.
The record as made up in the lower court indicates that the trial judge referred the exceptions of no cause and no right of action to the merits and decided the matter on its merits without reference to the exceptions. Having done so, it must *315 be considered that the exceptions were effectively overruled. Brown v. Tauzin, 163 So. 764, La.App. (1935), reversed on other grounds, 185 La. 86, 168 So. 502 (1936); Palama v. Livaudais, 182 La. 1035, 162 So. 765 (1935); Pelican Printing Co. v. Pecot, 216 So.2d 153, La.App. (1968).
There is no dispute regarding the facts material to a decision on the merits of the third party demand made by Mrs. Doughty against her husband. The record clearly reflects that on September 20, 1967 Mrs. Bernard E. Doughty instituted suit against her husband Dr. Doughty seeking a judgment of separation from bed and board, which suit was filed in the 24th Judicial District Court and bears No. 107-983. Mrs. Doughty judicially admitted in her third party demand that a judgment was rendered in the above numbered and entitled matter, decreeing a separation of the parties and a dissolution of the community formerly existing between them, on May 21, 1968. It is likewise not disputed that the indebtedness for which plaintiff seeks judgment against Mrs. Doughty and for which Mrs. Doughty seeks judgment against her husband was incurred in its entirety subsequent to the institution of the abovementioned separation suit. These facts being uncontroverted and considering the plain provisions of LSA-C.C. art. 155, which reads in pertinent part as follows:
“The judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive to the date on which the petition for same was filed. * * * ”
(Emphasis ours)
it is axiomatic that the debt incurred by Mrs. Doughty and herein sued on is not a community debt for which the third party defendant can be held personally responsible. It should be mentioned that at the trial below third party plaintiff attempted to introduce evidence seeking to establish that Dr. Doughty had agreed to pay the debt sued upon, however, this evidence was timely objected to as not pertinent to any of the issues raised by the pleadings and was properly excluded.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.
Affirmed.