GULOTTA, Judge.
Defendant, Norco Local 4-750, Oil, Chemical & Atomic Workers International Union, hereafter referred to as Local 4— 750, appeals from a summary judgment.
Plaintiffs allege that a judgment, not yet satisfied, was awarded in their favor on December 6, 1965, against the Independent Oil & Chemical Workers of Louisiana, hereafter referred to as Independent. Plaintiffs assert that an affiliation agreement was entered into between Independent and Oil, Chemical & Atomic Workers International Union. As a result of the agreement, plaintiffs contend that Independent’s name was changed to Norco Local 4-750, an dLocal 4-750 “in its latter name International Union. According to plaintiffs, defendant is the same legal entity as Independent, the only change being in name, and defendant is liable for the judgment rendered on December 6, 1965, against Independent.
In support of their claim, plaintiffs point out that in a proceeding in the United States District Court for the Eastern District of Louisiana, defendant asked the Federal court to substitute Local 4-750 as plaintiff for Independent, since the name of Independent had been changed to Local 4 — 750, and Local 4 — 750 “in its latter name . succeeded to all rights and properties held under its former name”. Ac *578 cording to plaintiffs, in view of defendant’s judicial admission and acknowledgement that the two unions were one and the same entity, no genuine issue of material fact exists, and plaintiffs are entitled to a summary judgment against Local 4 — 750.
In opposition to the motion for summary judgment, defendant attached an affidavit of the president of Local 4-750, in which it was denied that defendant is the same entity as Independent. The president’s affidavit further asserts that Local 4-750 only became the bargaining agent for the Norco Refinery of Shell Oil Company and that the workers at the Shell Chemical Plant in Norco have operated as the Independent Chemical Workers Union of Norco, later changed to Chemical Workers Union of Louisiana. Defendant contends that the trial judge erred in granting a motion for summary judgment in favor of plaintiffs because the affidavit attached to the opposition demonstrates that a genuine issue of material fact exists and that in such instance a summary judgment should not be granted. See LSA-C. C.P. art. 966.[1] We agree.
In an exception of no cause of action filed in the trial court, defendant asserts that the 1965 original judgment in favor of plaintiffs was rendered against a named defendant, i.e., Independent Oil & Chemical Workers of Louisiana, and by its terms does not cast in judgment the defendant, Local 4-750. The thrust of the exception is if defendant, Local 4-750, is liable for the original judgment, the result would be to change the very terms of the original judgment, which has now become final.
In an exception of res judicata, defendant claims that in the case of Roddy v. Independent Oil and Chemical Workers Union, 233 So.2d 714 (La.App. 4th Cir. 1970), we affirmed the trial court’s dismissal of a rule to show cause, directed against Local 4 — 750 by plaintiffs, in which it was asserted that Local 4-750 be substituted as defendant in lieu of Independent. According to defendant, our judgment affirming the dismissal is now final, defendant’s separate identity has been established and the question before us is res judicata.
 As pointed out by defendant, the trial judge did not rule on the exceptions of no cause of action or res judicata. It is well settled that when a trial judge refers exceptions to the merits of the case and decides the matter on its merits, without reference to the exceptions, the exceptions are considered to have been overruled. See Palama v, Livaudais, 182 La. 1035, 162 So. 765 (1935); Humble Oil & Refining Company v. Doughty, 254 So.2d 313 (La.App. 4th Cir. 1971). However, in the instant case, although the trial judge did not refer the exceptions to the merits, the granting of the summary judgment had the effect of overruling the exceptions.
With respect to defendant’s exception of no cause of action, plaintiffs’ petition alleges that Local 4-750 is the same legal entity as Independent. It is well settled in our jurisprudence that for the purposes of an exception of no cause of action, all well-pleaded allegations of the petition are accepted as true. See Borenstein v. Joseph Fein Caterers, Inc,, 308 So.2d 396 (La.App. 4th Cir. 1975). We *579 find no merit to the exception of no cause of action. This exception is overruled.
We conclude also that defendant’s exception of res judicata is without merit. In Roddy, supra, this court merely concluded that summary proceedings could not be used by judgment creditors to substitute Local 4-750 for Independent. The issue before us in the instant case was never reached by this court in Roddy, supra. The exception of res judicata is overruled. See LSA-C.C. art. 2286.[2]
Accordingly, the summary judgment in favor of plaintiff is annulled, vacated and set aside. The matter is now remanded to the trial court for further proceedings consistent with the views expressed herein-above.

ANNULLED AND REMANDED.

. LSA-C.C.P. art. 966 reads:
Art. 966. Motion for summary judgment; procedure
“The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
“The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”

. LSA-C.C. art. 2286 reads:
Art. 2286. Res judicata, essential elements
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action ; the demand must be between the same parties, and formed by them against each other in the same quality.”